IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

VINCENT JON BELTHEM,

    Plaintiff,

v.

NIKKI L. SCHWEBKE, *et al.*,

    Defendants.

ORDER

Case No. 15-cv-599-jdp

    On September 17, 2015, this court entered an order assessing plaintiff Vincent Jon Belthem an initial partial payment of the filing fee for this case, which is due on October 7, 2015. Rather than pay the initial partial filing fee, plaintiff has filed a letter requesting that his release account funds be used to pay his initial partial filing fee. (Dkt. #5).

    Plaintiff believes that he cannot access his release account funds to pay his initial partial filing fee. In fact, the September 17, 2015 order says, "If plaintiff does not have enough money to make the $6.35 initial partial payment from his regular account, plaintiff should arrange with prison authorities to pay the remainder from his release account."

    However, if plaintiff is requesting that prison officials bypass the funds in his regular account to pay his *entire* $6.35 initial partial payment from his release account, his motion will be denied. Nothing in the 1996 Prison Litigation Reform Act requires a warden to agree to bypass a prisoner's regular account in favor of a prisoner's release account to pay a filing fee simply because the prisoner doesn't want to use his regular account's funds to pay the assessed initial partial filing fee. The only money that the state need take from a state prisoner's release account is money that fits within the formula specified in 28 U.S.C.

§ 1915. Accordingly, if plaintiff has any money in his regular account, prison officials may use that money first before using money in plaintiff's release account to pay the initial partial payment.

ORDER

IT IS ORDERED that:

1. Plaintiff Vincent Jon Belthem's request for an order directing prison officials to pay the initial partial payment in this case from his release account (dkt. #5), is GRANTED in part and DENIED in part. If plaintiff does not have the money to make the initial partial payment in his regular account, he will have to arrange with prison authorities to pay some or all of the assessment from his release account.

2. Plaintiff may have an enlargement of time, to October 28, 2015, to pay his $6.35 initial partial payment. If, by October 28, 2015, plaintiff fails to make the initial partial payment or show cause for failure to do so, I will assume that he wishes to withdraw this action voluntarily and the case will be closed without prejudice to plaintiff's refiling it at a later date.

Entered this 5th day of October, 2015.

BY THE COURT:

/s/
PETER OPPENEER
Magistrate Judge